## W. H. HOWARD ET AL. v. H. C. PARKER ET AL.

1. INJUNCTION.—The act of 1873, to regulate the practice of medicine, did not impose on any member of the board of medical examiners the duty of notifying the others of the time and place of organization of the board; and under that act, a failure to give such notice to another member of the board would not afford sufficient ground for injunction to restrain the board, when organized, from discharg-

ing its appropriate functions under the law as a board of medical examiners.

2. INJUNCTION—DAMAGES.—See statement of case for facts alleged on which an injunction was awarded, which neither entitled the petitioner to an injunction nor to damages.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The Legislature of Texas passed an act entitled "An act to regulate the practice of medicine," and the same became a law on the 16th day of November, A. D. 1873. (Laws 13th Leg., p. 74.)

The act provides, in section 3, "That the County Courts of the several counties in this State shall, at their first regular term after the passage of this act, or as soon thereafter as practicable, severally appoint a board of medical examiners for their respective counties, to be composed of not less than three practicing physicians of known ability, and graduates of some medical college recognized by the American Medical Association, who shall, immediately after accepting such appointment, select one of their number president and one as secretary, and adopt all necessary rules and regulations for their guidance and control in the examination of applicants for certificates of qualification, as required by section 1 of the act. Any two of them shall have authority to grant certificates." * * *

The County Court of Harris county appointed upon the board of medical examiners for Harris county the appellee Parker, who was not qualified under the act,—one who was not a "graduate of some medical college recognized by the American Medical Association."

Six of the members of the board met and organized the board. All the members appointed were not actually notified of the time and place of meeting for organization.

Two of the members appointed by the County Court of Harris county, to wit, H. C. Parker and James H. Blake, one a professed homeopathist, and not a graduate of any

medical college recognized by the American Medical Association, and the other a graduate of two colleges, one a homeopathic institution, and the other a college that is recognized by the American Medical Association, not having been notified that they might participate in the organization of the board, brought this suit against those who organized the board.

The petition contained a prayer for an injunction to restrain the " defendants, and each of them, from performing, or attempting to perform, any of the duties or functions belonging or pertaining to either of them as members of the board of medical examiners, and from acting as said board, until the said board shall have been organized according to law, after giving each member thereof appointed by the County Court due and reasonable notice of the time and place of meeting for that purpose," &c.

And further: " That the defendants be required and compelled  *  *  to recognize and treat plaintiffs as members of said board;" and concluded with a prayer for $5,000 exemplary damages.

The petition alleged that defendants arrogated to themselves the sole right to exercise and perform the duties of the board, and refused to recognize plaintiffs, &c.; that defendants had been actuated by spiteful and malicious motives; that said acts were wanton and deliberate insults and outrages to and upon plaintiffs' feelings, &c., and were done to injure plaintiffs' good standing as physicians, &c.

The defendants demurred to the petition; the demurrer was overruled; the cause submitted to the jury upon the question of damages, and a verdict of $220 exemplary damages awarded against the defendants. The judgment was entered accordingly, and the court further, by decree, vacated, set aside, and held for naught the organization of the board of medical examiners for Harris county, and all acts and proceedings of said board thereunder, and perpetuated

the injunction, forever enjoining and restraining the defendants from any further proceedings thereunder.

The plaintiffs were adjudged to be members of said board, and the defendants are commanded, adjudged, decreed, and required to so recognize the said plaintiffs; and organization is forbidden until proper notice is given.

*Goldthwaite & Turner*, for appellants, contended—

I. That the court erred in overruling the demurrer, and that if plaintiffs below had any remedy, it was by mandamus; citing High on Extraordinary Legal Remedies, sec. 6, p. 10.

II. That no punitive or exemplary damages should have been awarded by the jury in this case.

On the contrary, the testimony of the plaintiffs' own witnesses, Doctors Howard and Stewart, and that of Dr. McDonnell, a witness for defendants, most clearly shows the entire absence of all evil animus on the part of the defendants, from beginning to end.

*Garnett & Garnett*, for appellees.—As to the writ of mandamus being the exclusive remedy by which plaintiffs were to be entirely relieved from all their grievances, we cannot agree with appellants' counsel. This, by the way, is not surprising or unusual.

Had the defendants been properly organized, their officers legally elected and installed, and the board proceeding in accordance with law, then, perhaps, a mandamus would have been the remedy to compel them to recognize any member who might have been refused admission to the full rights of membership. But we apprehend that no authority can be found that would countenance a mandamus against a corporate body of any kind, where it had never organized, and where certain persons, claiming to represent the body, were so proceeding without warrant or authority.

The court did not err in sustaining the plaintiffs' exceptions

to the defendants' plea setting up the ineligibility of the plaintiff H. C. Parker, because—

1. The defendants showed no right or interest in themselves, that entitled them to set up any such matter, or to inquire into it.

2. The District Court, in this proceeding, had no jurisdiction to inquire into Parker's eligibility. The County Court had the full and exclusive jurisdiction to make the appointment.

3. The facts set up in the plea, as constituting Parker's ineligibility, were not sufficient.

The sum and substance of the facts alleged by defendants are: that Parker was not a graduate of any medical college recognized by the American Medical Association; that he practiced homeopathy, and therefore was disqualified from sitting on the board. It is true, that our Legislature, in the act referred to by appellants, has attempted to encourage and sustain that disgracefully proscriptive feeling that seems to prevail among the greater number of physicians of the allopathic persuasion, who set themselves up as the "great shining lights," to whom all must look for information and instruction in medical matters.

These medical gentlemen, the allopaths, have formed a combination throughout the length and breadth of the land, and they call it "The American Medical Association," in whom, they insist, all the medical learning and skill of the past and present is centered, and upon whom they would have us look as an immaculate association—pure and unspotted.

This association, of which the defendants claim to be members, through the State Medical Association, have seized upon the act referred to as a delicate morsel. In it, the long hoped for power, they fondly persuaded themselves, had been given them to "squelch out" homeopathy and all systems of medicine differing from theirs, and thus compel the ignorant, unsophisticated citizens of this State to patronize their immaculate body.

But, if we mistake not, our Constitution affords the people and the plaintiffs a safeguard and bulwark against any such legislation as that which our Legislature undertook to impose upon them in section 3 of the act referred to, and will prevent the defendants from availing themselves of the high and mighty privileges thereby conferred exclusively upon them.

Article 1 of section 2 of the Constitution, provides that no man, or set of men are entitled to exclusive separate public emoluments or privileges.

Article 1 of section 18 of the Constitution, provides that perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed.

This act undertakes to provide, that no one but a graduate of some medical college recognized by the American Medical Association shall sit upon the board of medical examiners; and this board, the court will bear in mind, are to control the whole hygiene of the State, and to dictate who is to minister to ourselves and our families in sickness.

Now, we submit, that the Legislature had no right to prescribe any such qualification as the test of a man's eligibility to sit upon this board; that it had no power to confer upon the graduates referred to the exclusive privilege of filling the positions provided for in the act; that it had no right to confer upon these graduates such privileges, and at the same time deny them to another man, who is equally intelligent, and as accomplished in all the learning of the profession as the graduate, and who has obtained his learning elsewhere than at a medical college recognized by the American Medical Association. Is this sort of a doctrine to be tolerated in this country? Is a man, because he is not able to pay the enormous charges incident to an attendance upon one of the institutions mentioned in the act, to be debarred from the privilege of practicing medicine, and from filling the positions provided for in the act, simply because he is not a graduate of a medical college recognized by the American Medical Association, when, at the same time, he has, by hard labor

16

and study by his pine-knot torch, after his day's work is done, qualified himself as a physician, and become deeply learned in all the mysteries of the profession?

Is this sort of a man (and we undertake to say there are many such) to be told that his learning is a dead-letter, because he acquired it by his pine torch instead of in a brick college, elaborately fitted up and ornamented with frescoed walls and costly center-pieces, and recognized by the American Medical Association?

GOULD, ASSOCIATE JUSTICE.—If the statute had imposed on each person appointed by the County Court a member of the board of medical examiners, and accepting such appointment, the duty of notifying the others of the time and place of organization before participating therein; and if the petition had charged, and the evidence established, a willful omission to perform that duty, we would still hesitate to enjoin the appointees from proceeding to perform the public duties of the board, under and because of an organization had without such notice. No authority has been produced for such an injunction on such grounds; and it would seem that the legal remedies for the injury to those thus excluded from sharing in the organization are too nearly adequate and complete to justify it.

But the statute imposed no such duty on the appointees; and whilst it was certainly proper that the organization should have been under such circumstances as to give all appointees an opportunity to participate, we cannot hold that any member of the board subjected himself to an action by merely taking part in such organization, without having first assured himself that there was no appointee who did not have such opportunity.

The petition fails to allege, and the evidence to establish, any legal injury or cause of action entitling plaintiffs to either an injunction or to damages. It is not alleged or proved that plaintiffs ever applied to the board, or any officer or member,

to be admitted as members thereof, or to have the organization set aside, for the purpose of affording them an opportunity to participate therein. On the contrary, they themselves testify that they made no such demand, and the evidence shows no action of defendants amounting to a refusal. We think that such demand should have been made before appealing to the courts.

The statute has been changed so as to leave it no longer a practical question as to plaintiffs' right to membership in the board; and as it is evident, from the testimony of the plaintiffs, that they have no cause of action, the judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.